# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| XAVIER MARTEZ PARNELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-0990 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Sharp |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is movant Xavier Parnell's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 1.) In his petition, Parnell asserts that he is entitled to resentencing because his sentence was improperly enhanced, in violation of due process, based on prior aggravated felony convictions which should not have qualified as aggravated felonies.[1] In support of his position, he cites a recent Fourth Circuit case, *Miller v. United States*, --- F.3d ----, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

The Court examined the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, and directed the United States Attorney for this judicial district to file an answer, plead, or otherwise respond to the motion in conformity with Rule 5 of the Rules Governing Section 2255 Proceedings. The United States has filed its response in opposition to Parnell's motion (ECF No. 7), in which it asserts that (1) Parnell waived his ability to bring a collateral challenge to the sentence imposed pursuant to the binding plea agreement except on the basis of claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, none of which applies here; and (2) even if waiver did not apply, the Fourth Circuit case upon which Parnell relies is inapplicable.

The United States also filed a sealed Motion to Take Judicial Notice of Post-Conviction Report to Bureau of Prisons (ECF No. 8). It submits that the Supplemental Report to the Federal Bureau of Prisons,

---

[1] As set forth below, the record shows that Parnell was actually found to have two prior drug-related felonies, not prior "aggravated felonies."

prepared in Parnell's case in lieu of a presentence report, "may be useful in addressing he defendant's pending petition." (ECF No. 8, at 1.) The motion (ECF No. 8) is **GRANTED**, and the Clerk is **DIRECTED** to file the report attached to the motion under seal.

Further, as set forth herein, the Court finds the government's arguments in response to the § 2255 motion to be meritorious, and will deny Parnell's motion for relief under § 2255.

## I.     Plea Agreement

The plea agreement in the underlying criminal case, attached to Parnell's petition to enter a plea of guilty (Case No. 3:11-cr-00012, ECF No. 1245), incorporated an agreed sentence of 300 months in the custody of the United States Bureau of Prisons, plus a ten-year term of supervised release. (Plea Agreement, ¶ 11.) The plea agreement also includes an express waiver of appellate rights, pursuant to which Parnell agreed as follows:

> Regarding sentencing, Defendant [Parnell] is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence of 300 months imprisonment and ten years supervised release as agreed herein. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(*Id.* ¶ 16.)

It is well established that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary. *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citation omitted). The Sixth Circuit has specifically held that the waiver of the right to bring a collateral challenge to a sentence under § 2255 is barred where the waiver is entered "knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A valid waiver bars a defendant from bringing "any type of claim not excluded by the agreement." *United States v. Brice*, 373 F. App'x 561, 562 (6th Cir. 2010) (citing *Davila*, 258 U.S. at 451).

In the present case, Parnell waived his right to bring a collateral challenge to his sentence except on the basis of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. He does not allege that one or more of these circumstances apply here. Moreover, the record as a whole and the

circumstances surrounding the waiver clearly support a finding that the waiver in this case was knowing and voluntary.

Accordingly, Parnell is precluded by the language of his plea agreement from contesting his sentence under § 2255.

## II.     Miller v. United States, --- F.3d ----, 2013 WL 4441547 (4th Cir. Aug. 21, 2013)

Even if Parnell had not waived the right to bring this challenge, his claim is without merit. In *Miller v. United States*, the Fourth Circuit addressed whether another recent Fourth Circuit case *, United States v. Simmons*, 648 F.3d 237 (4th Cir. 2011), had announced a new rule of law that should be applied retroactively. The plaintiff claims the "new" rule of law should apply "retroactively" in his case as well. (ECF No. 1, at 4.)

*Simmons* addressed the question of whether a North Carolina conviction for possession of marijuana qualified as a prior drug felony conviction, for purposes of determining whether the defendant was subject to a sentencing enhancement under the Controlled Substances Act, 21 U.S.C. § 841. The Fourth Circuit ultimately concluded that prior offense was not a felony, because under North Carolina's Structured Sentencing Act*,* the defendant could not have received a sentence of more than eight months "community punishment" (probation). *Simmons*, 648 F.3d at 241. *Miller* involved a defendant who had been convicted in 2008 for being a felon in possession of a firearm. The federal statute under which *Miller* was convicted made it a crime for any person who had been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g). At the time of his conviction, he qualified under Fourth Circuit law as a previously convicted felon, but under *Simmons*, he did not, because again under the North Carolina Structured Sentencing Act, his maximum possible sentence was eighth months' imprisonment. The Fourth Circuit found that *Simmons* should apply retroactively, and therefore agreed with the government and the defendant that Millers' felon-in-possession conviction should be reversed.

That case does not apply here and would not help Parnell, even if he were permitted to bring a collateral challenge to his sentence. First, *Simmons* was already the law in the Fourth Circuit at the time Parnell was sentenced in 2012. Moreover, the Sixth Circuit, even before the Fourth Circuit, had recognized the peculiarities of North Carolina's sentencing law and had held that a particular defendant's

actual sentencing exposure was what determined whether he qualified as a previously convicted felon for purposes of federal sentencing enhancements. *See United States v. Pruitt*, 545 F.3d 416, 420 (6th Cir. 2008) (remanding for determination of whether the defendant's prior drug convictions were punishable by a term of more than one year based on his prior record level under North Carolina law, for purposes of deciding whether he qualified as a career offender for federal sentencing purposes); *see id.* at 424 (recognizing its holding was "in some tension with holdings of the Fourth Circuit" in effect at that time). In other words, *Miller* is not a new rule of law in the Sixth Circuit.

Regardless, it remains true, in the Sixth Circuit and elsewhere, that a prior drug felony qualifies as a felony if it was *punishable* by more than one year, even if the actual sentence was for a lesser time or even for probation instead of a prison sentence:

> Under U.S.S.G. § 4B1.1, a defendant qualifies as a career offender if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). In turn, § 4B1.2 defines "prior felony conviction" to mean
>
>> a prior adult federal or state conviction for an offense *punishable* by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*.

*Pruitt*, 545 F.3d at 419 (quoting § 4B1.2 cmt. n.1 (emphasis added)).

In Parnell's case, at the time he entered into the plea agreement, the government had already filed an enhancement information against him under 21 U.S.C. § 851 showing that Parnell had two prior felony drug convictions. (Case No. 3:11-cr-00012, ECF Nos. 1113, 1113-1 (notice and copies of Judgments showing Class E and Class B felony drug convictions under Tennessee law).) Although Parnell himself apparently received probation rather than prison terms on these convictions, the convictions qualified as felonies under Tennessee law and as such carried a maximum possible sentence of more than one year imprisonment as to Parnell himself instead of just as to some hypothetical defendant. *See* Tenn. Code Ann. § 39-11-110 (defining "felony" as a violation of the law "that may be punished by one (1) year or more of confinement"). That is, the offenses were *punishable* by imprisonment for a term exceeding one year and therefore qualified as felonies under federal law as well, regardless of the actual sentence imposed. *Miller* makes no difference in Parnell's case.

### III.    Conclusion

The instant motion (ECF No. 1) is **DENIED** on the basis that Parnell waived the right to seek relief under § 2255 under the circumstances presented here, and on the alternative basis that his petition is substantively without merit.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court must, at the time of entry of the final order denying relief, either issue or deny a certificate of appealability ("COA"). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Perkins v. McQuiggin*, 670 F.3d 665, 668 (6th Cir. 2012). A "substantial showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal will succeed." *Id.* at 337. Courts should not issue a COA as a matter of course. *Id.*

Under that standard, the Court finds that the movant has failed to make a substantial showing of the denial of a constitutional right with regard to any of the grounds for relief set forth in her motion and supporting memorandum of law.  The Court will **DENIES** a COA.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge